UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
STUART FORCE individually and as personal
representative of the ESTATE OF TAYLOR FORCE,
*et al.*,　　　　　　　　　　　　　　　　　　　　　Case No. 1:20-cv-2578-BMC
　　　　　　　　　　　　Plaintiffs,

　　　　　　　　-against-

QATAR CHARITY; QATAR NATIONAL BANK and
MASRAF AL RAYAN,
　　　　　　　　　　　　Defendants.
------------------------------------------------------------------ X

### PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF *EX PARTE* MOTION FOR ISSUANCE OF LETTERS ROGATORY AND ADJOURNMENT OF PRELIMINARY CONFERENCE

Plaintiffs respectfully submit this memorandum of law in support of their motion seeking issuance of letters rogatory to effect service of process on Defendants in the State of Qatar. As the execution of letters rogatory transmitted through diplomatic channels is a time-consuming process, Plaintiffs also seek to adjourn the Preliminary Conference currently scheduled for September 23, 2020 until service has been completed on all three Defendants.

### NATURE OF SUIT AND PROCEDURAL HISTORY

Plaintiffs are victims of terrorist attacks carried out by the terrorist groups Hamas and Palestinian Islamic Jihad ("PIJ"). *See* Declaration of Joshua K. Perles executed on September 11, 2020 ("Perles Decl.") at Exhibit 1 at ¶¶ 1-2. Plaintiffs allege that Defendants are members of a conspiracy to launder funds from the State of Qatar through the United States and Europe for Hamas and PIJ. *See id*. at ¶ 9. Plaintiffs assert claims against Defendants for money damages under 18 U.S.C. §§ 2333, 2339A and 2339B.

Defendants Qatar National Bank, Qatar Charity, and Masraf Al Rayan are entities created under the laws of the State of Qatar that have their principal places of business in the State of Qatar. *See* Perles Decl. at ¶¶ 2, 4-6 and Exhibit 1 at ¶¶ 66-98. This Court has subject matter

jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 18 U.S.C. §§ 2333(a) and 2338 as a civil action brought by citizens of the United States who have been injured by reason of acts of international terrorism and their estates, survivors, and heirs.  *See* Perles Decl. Exhibit 1 at ¶ 10. Defendants are subject to personal jurisdiction in the United States pursuant to 18 U.S.C. § 2334(a), CPLR § 302, and Fed. R. Civ. P. 4(k)(1)-(2) because they have transacted business and committed tortious acts within the United States (and New York) by transferring funds through the United States (and New York) for the benefit of Hamas and PIJ and have purposefully availed themselves of United States jurisdiction in the course of committing the wrongful acts alleged herein.  *See id*. at ¶¶ 12-13

## ARGUMENT

### I.   THE COURT HAS DISCRETION TO ISSUE LETTERS ROGATORY

The Federal Rules of Civil Procedure generally provide for service of process upon a corporation, partnership, or other unincorporated association, "at a place not within any judicial district of the United States, in any manner prescribed by [Federal] Rule [of Civil Procedure] 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2). The cross-referenced Rule 4(f) authorizes service "by an internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents," Fed. R. Civ. P. 4(f)(1), or, "if there is no internationally agreed means, . . . by a method that is reasonably calculated to give notice . . . [including] as the foreign authority directs in response to a letter rogatory or letter of request," Fed. R. Civ. P. 4(f)(2)(B), or "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3).

Resort to letters rogatory is appropriate here because the State of Qatar is not a signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, or any other service treaty.[1] Plaintiffs' counsel have retained the services of Ancillary Legal Corporation ("ALC"), a company that specializes in foreign service of process, and has prior experience in obtaining service in Qatar pursuant to letters rogatory. *See* Perles Decl. at ¶ 7. ALC has advised Plaintiffs' counsel that in order for a judgment entered against Defendants in this action to be enforceable in Qatar against Defendants' assets located there, service must be effected in Qatar pursuant to letters rogatory. *See id. See also* Edward Burton, Service of Process Abroad, Am. Bar Ass'n, Gen. Prac., Solo & Small Firm Div. Mag. (Oct. 1999) ("The great advantage of the letters rogatory procedure lies in the enforceability of the American judgment in the country where service of process was issued."); Government's Memorandum of Law in Support of Its Motion for Permission to Effect Service Through Alternative Means and Issuance of Letters Rogatory, *United States v. Lebanese Canadian Bank SAL*, No. 11 Civ. 9186 (PAE) (S.D.N.Y. May 4, 2012) ("The Government requests the issuance of letters rogatory . . . in order to maximize the likelihood that a judgment in this matter will be enforceable in the relevant foreign jurisdictions.").

The power of the federal courts to issue letters rogatory derives from 28 U.S.C. § 1781 and from the court's inherent authority. *See United States v. Fawwaz*, 2014 U.S. Dist. LEXIS 20742, at *3 (S.D.N.Y. Feb. 18, 2014) ("District courts have inherent authority to issue letters rogatory. It is well-settled that the decision of whether to issue letters rogatory lies within a district court's sound discretion.") (internal quotations omitted). Title 28, United States Code,

---

[1] *See* STATUS TABLE, HAGUE CONFERENCE ON PRIVATE INTERNATIONAL LAW, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17.

Section 1781 states, in relevant part:

> The Department of State has power, directly, or through suitable channels . . . (2) to receive a letter rogatory issued, or request made, by a tribunal in the United States, to transmit it to the foreign or international tribunal, officer, or agency to whom it is addressed, and to receive and return it after execution.

28 U.S.C. § 1781(a)(2). ALC has advised that the United States Department of State and foreign courts prefer that the letters rogatory be served as originals bearing a judge's signature. *See* Perles Decl. at ¶ 8. *See also* Perles Decl. at ¶ 9 and Exhibit 6 at p.3. Similarly, the certified copies of the documents to be served should bear a Judge's signature and the stamp of the Court. Perles Decl. at ¶ 8.

## II.   PLAINTIFFS REQUEST ADJOURNMENT OF THE PRELIMINARY CONFERENCE

According to the United States Department of State's publication "Preparation of Letters Rogatory," the "[e]xecution of letters rogatory may take a year or more." *See* Perles Decl. Exhibit 6 at p.2. *See also* Perles Decl. at ¶ 7 (according to ALC, 6 to 12 months). Hence, Plaintiffs respectfully request the Court to adjourn the Preliminary Conference currently scheduled for 11:45 a.m. on September 23, 2020 pending the Court's receipt of notification that all Defendants have been served.

## CONCLUSION

For the forgoing reasons, Plaintiffs respectfully requests this Court to:

**(1)** grant this motion in its entirety;

**(2)** issue the proposed Letters Rogatory submitted as Exhibits 3-5 to the Declaration of Joshua K. Perles;

**(3)** certify three copies of the Complaint filed on June 10, 2020 (Perles Exhibit 1 [ECF # 1]) and one copy of each of the Amended Summonses issued on September 10, 2020 (Perles Exhibit 2 [ECF # 12-14]); and

**(4)** adjourn the Preliminary Conference *sine die* pending the Court's receipt of notification that all Defendants have been served.

Dated:  September 11, 2020          Respectfully submitted,

                                                            /s/ James P. Bonner
                                            James P. Bonner (jbonner@fbrllp.com)
                                            Patrick L. Rocco (procco@fbrllp.com)
                                            Susan M. Davies (sdavies@fbrllp.com)
                                            FLEISCHMAN BONNER & ROCCO LLP
                                            81 Main Street, Suite 515
                                            White Plains, New York 10601
                                            (908) 516-2066

                                            *Counsel for Plaintiffs*