

DLA Piper LLP (US)
1251 Avenue of the Americas
27th Floor
New York, New York 10020-1104
www.dlapiper.com

John M. Hillebrecht
John.Hillebrecht@dlapiper.com
T  212.335.4590
F  917.778.8590

January 3, 2022

*VIA ECF*
The Honorable Brian M. Cogan
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:** *Force, et al. v. Qatar Charity, et al.*, **1:20-cv-02578-BMC**

Dear Judge Cogan:

We represent defendant Qatar Charity and write pursuant to Your Honor's Individual Practice Rule I. E, with Plaintiffs' consent, to request an extension of Qatar Charity's deadline to answer or otherwise respond to the Complaint to January 31, 2022. This is Qatar Charity's first request for an extension. Plaintiffs claim they served Qatar Charity in Doha, Qatar by FedEx on December 20, 2021. (ECF No. 44.) Therefore, January 10, 2021 is Qatar Charity's current deadline to answer or otherwise respond to the Complaint. Here, Qatar Charity was the last defendant to purportedly receive Plaintiffs' Summons and Complaint by mail. Plaintiffs claim they served the other defendants—Masraf Al Rayan and Qatar National Bank—by mail on November 8, 2021. (ECF No. 24.) The Court previously extended their deadlines to answer or otherwise respond to the Complaint to January 31, 2021. Qatar Charity is requesting an extension to the same date, even though it received the FedEx deliveries referenced above 42 days after the other defendants, in order to keep a unified briefing schedule.

An extension is also warranted given the nature of Plaintiffs' Anti-Terrorism Act claims, the need to confer with Qatari counsel to assess whether Qatari law permits service by mail, as required by FRCP 4(f), and logistical complications related to the global pandemic, which, among other things, has impeded our ability to confer with Qatar Charity, which is based in Doha, Qatar, regarding this litigation. An extension is further warranted because Qatar Charity must simultaneously prepare motions to dismiss similar complaints filed by the same Plaintiffs' counsel in *Przewozman v. Qatar Charity*, *et al.*, 1:20-cv-06088-NGG-RLM (E.D.N.Y.) and *Henkin v. Qatar Charity*, *et al.*, 1:21-cv-5716-AMD-VMS (E.D.N.Y.). Qatar Charity will also seek extensions in those cases.

Granting Qatar Charity's requested extension would not impact any scheduled dates. The Court scheduled an initial status conference for February 9, 2022. That conference can proceed as scheduled if the Court extends Qatar Charity's deadline to answer the Complaint. As noted above, the schedule the Court has already ordered as to the other defendants contemplates a January 31 deadline for answers or motions.

Accordingly, Qatar Charity respectfully requests Your Honor to extend, until January 31, 2022, the deadline for Qatar Charity to respond to the Complaint.

Respectfully submitted,

*/s/ John M. Hillebrecht*
John M. Hillebrecht

*Counsel for Qatar Charity*

cc: All counsel of record (by ECF)

2