

DLA Piper LLP (US)
1251 Avenue of the Americas
27th Floor
New York, New York 10020-1104
www.dlapiper.com

John M. Hillebrecht
John.Hillebrecht@dlapiper.com
T   212.335.4590
F   917.778.8590

January 18, 2022

**BY ECF**

The Honorable Brian M. Cogan
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Force, et al. v. Qatar Charity, et al.*, 20-cv-02578-BMC

Dear Judge Cogan:

In advance of its Motion to Dismiss (due January 31, 2022), Counsel for Qatar Charity writes pursuant to Rule III.A of Your Honor's Individual Practices to request a pre-motion conference. Per the Scheduling Orders entered today, an initial status conference and a pre-motion conference concerning the forthcoming motions to dismiss by Masraf Al Rayan and Qatar National Bank (together with Qatar Charity, the "Defendants") are both scheduled for January 28, 2022.

Qatar Charity further requests, pursuant to Rule III.B.1 of Your Honor's Individual Practices, 35 pages for its Motion to Dismiss.  Qatar Charity submits that the additional pages are necessary due to the number of legal issues presented by the 75-page, 407-paragraph Complaint.  Plaintiffs have not consented to expanded page limits and instead propose to file opposition briefs 30 days after the close of jurisdictional discovery.  Qatar Charity objects to jurisdictional discovery before dispositive motions are addressed.

**Background**

Plaintiffs' Complaint asserts four causes of action under the Anti-Terrorism Act (18 U.S.C. § 2331, *et seq*.) ("ATA") against Defendants, which are alleged to "have conspired to provide material support" to terrorist organizations allegedly responsible for Plaintiffs' injuries.  While Qatar Charity deplores the acts of violence described in the Complaint, the Complaint should be dismissed as to Qatar Charity pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(5), and 12(b)(6) for reasons including, but not limited to, those discussed below.

**The Complaint Is Legally Deficient and Should be Dismissed**

(1)   ***Lack of Personal Jurisdiction.***   Plaintiffs' sole basis for personal jurisdiction is U.S. correspondent banking activity undertaken by a Qatari bank (Masraf Al Rayan) at which Qatar Charity allegedly maintained an account in Doha.  While some courts have found the use of a

correspondent bank account sufficient for a finding of jurisdiction, they have done so only in the case of *bank* defendants. Unlike defendants in many ATA cases, however, Qatar Charity is not a bank; it is a bank *customer*—in this case, a customer seeking to send funds from one foreign location to another, without particular concern for the mechanism by which these transfers were accomplished. Judge Caproni recently observed that she was "[un]aware of any" authority—and we believe there is none—standing for the principle that a non-domiciliary bank *customer* may be subject to personal jurisdiction in New York "because the non-domiciliary moved money between foreign bank accounts, with the transfer passing through New York via a correspondent account." *Berdeaux v. One Coin Ltd.*, 2021 WL 4267693, at *12 (S.D.N.Y. Sept. 20, 2021) (Caproni, J.) (collecting cases). She found that applying such a theory of jurisdiction to a banking *customer* would be "nonsensical." *Id.* at *12 n.25. "Plaintiffs have not alleged that [the defendant] *directed* the use of a New York correspondent account, nor that the transfer of funds was otherwise *purposeful*. Instead, Plaintiffs allege only that [the defendant] was *aware* that a New York account would be used. That is patently insufficient under New York law to constitute the transaction of business." *Id.* at *12 (emphases added) (citations omitted). So too here. For this reason, among others, Plaintiffs have not pled personal jurisdiction.

(2)     **Failure to State a Claim.**  Plaintiffs cannot maintain causes of action against Qatar Charity for violations of the ATA under either a primary or secondary liability theory. Primary liability should be rejected because Plaintiffs have not plausibly alleged that Qatar Charity itself committed an act of "international terrorism" which requires that Plaintiffs plausibly plead that Qatar Charity was directly involved, by its own actions, in "violent acts or acts dangerous to human life" that "appear to be intended to intimidate or coerce a civilian population" or "influence the policy of a government by intimidation." 18 U.S.C. § 2331(1); *see also Linde v. Arab Bank, PLC*, 882 F.3d 314, 326 (2d. Cir. 2018). Qatar Charity's conduct as alleged in the Complaint, which primarily amounts to the provision of funding for charitable and humanitarian works, does not constitute acts of international terrorism by this standard. *See Kaplan v. Lebanese Canadian* Bank, 405 F. Supp. 3d 525, 532 (S.D.N.Y. 2019) ("There is no dispute that Defendant did not itself perpetrate the rocket attacks that injured Plaintiffs… [E]ven assuming, *arguendo*, that Defendant was aware that it was providing such services to Hizbollah affiliates . . . [that] does not, in itself, equate to international terrorism. Plaintiffs must plausibly allege that Defendant's *own* actions" involve violence or endanger human life and appear to be intended to intimidate or coerce a civilian population or to influence or affect a government.) (quoting *Linde*, 882 F.3d at 326) (emphasis in original), *vacated on other grounds,* 999 F.3d 842 (2d Cir. 2021).

Moreover, Qatar Charity's alleged conduct cannot be said to have any plausible connection to the Plaintiffs' injuries. The Complaint fails to establish "a sufficiently direct relationship between the conduct in question and the injuries for which recovery is sought," and hence fails to plead proximate causation. *See Zapata v. HSBC Holdings PLC*, 414 F.Supp.3d 342, 356 (E.D.N.Y. 2019).

Nor can Plaintiffs here plausibly allege secondary liability claims under either a conspiracy or an aiding-and-abetting theory, because they fail to allege, in a non-conclusory way, that Qatar Charity aided or abetted, "by knowingly providing substantial assistance," the alleged acts of international terrorism or "conspire[d] with the person who committed" the alleged act that caused Plaintiffs' injuries. 18 U.S.C. § 2333(d)(2); *see also Honickman v. BLOM Bank SAL*, 6 F.4th 487, 501 (2d Cir. 2021) (dismissing claim "because the allegations do not support an inference that BLOM Bank

was aware of the Three Customers' ties with Hamas prior to the relevant attacks"). For liability to attach, the defendant must assist the principal violation—that is, an "act of international terrorism"—and must be "integral" to, or play a "major part in prompting," the act of international terrorism that caused Plaintiffs' injuries. *Linde*, 882 F.3d at 331; *Halberstam v. Welch*, 705 F.2d 472, 484 (D.C. Cir. 1983). For many reasons, Plaintiffs cannot possibly carry this burden. This is particularly so given the concession here that the "front organizations" with which Qatar Charity allegedly collaborated on charitable projects in fact performed charitable work, notwithstanding the allegation that they had allegedly been coopted by the terrorist organizations. (*See* ECF No. 1 ¶¶ 4, 72, 128). As the Second Circuit clarified in affirming *Honickman*, "the relevant inquiry for the general awareness element" is whether the intermediate or affiliated entities who received funds from the defendant (here, presumably, the unnamed front organizations) "were ***so closely intertwined*** with the [FTO's] violent terrorist activities that one can reasonably infer that [the defendant] was generally aware . . . that it was playing a role in unlawful activities from which [the FTO's] attacks were foreseeable"? *Honickman*, 6 F.4th at 499 (emphasis added). The conclusory allegations here plainly do not come close to supporting any such inference.

(3)     ***Insufficiency of Service of Process.*** On September 17, 2020, the Court granted Plaintiffs' *Ex Parte* Motion for Issuance of Letters Rogatory to serve Qatar Charity (as well as the other Defendants). (ECF No. 18). However, such service has not yet occurred. Instead, more than a year after conceding that this form of service was appropriate, in December 2021, Plaintiffs abandoned that approach, requesting instead that the clerk mail service of process to Qatar Charity pursuant to Fed. R. Civ. P. 4(f)(2)(C)(ii). (ECF No. 44). An Amended Summons and Complaint was purportedly delivered via Federal Express to Qatar Charity on December 20, 2022. (ECF No. 44). Service via Federal Express, even where successful, is not proper for entities based in Qatar (as Qatar Charity is) because, as Plaintiffs themselves stated: Qatar "is not a signatory to the Hague Convention … or any other service treaty." (ECF No. 16 at 3). Plaintiffs cannot establish that service by private courier is permitted under the law in Qatar or that a person authorized to accept service signed for the delivery. Significantly, Plaintiffs have already conceded that from the perspective of a Qatari court applying Qatari law, "the method of service most likely to be accepted is service by letters rogatory." (Perles Decl., ECF No. 17, ¶ 7; *cf.* Plaintiffs' Memorandum in Support, ECF No. 16 at p. 3 (for judgment to be enforceable in Qatar, "service must be effected in Qatar pursuant to letters rogatory")).

(4)     ***Failure to Demonstrate Statutory Standing***. Qatar Charity adopts the argument set forth by counsel for Masraf Al Rayan regarding Plaintiffs' lack of statutory standing under the ATA and JASTA. (ECF No. 51 at 3) ("Additionally, at least sixteen Plaintiffs lack statutory standing…").

* * *

In addition to the foregoing, we hereby reserve the right to adopt and incorporate arguments made by Masraf Al Rayan and Qatar National Bank in their respective pre-motion letters. (ECF Nos. 51, 52).

January 18, 2022
Page 4 of 4

Respectfully submitted,

/s/ John M. Hillebrecht
DLA PIPER LLP
1251 Avenue of the Americas
New York, NY 10020
212.335.4500

John M. Hillebrecht
Kevin Walsh
Jessica Masella

*Counsel for Qatar Charity*

cc:  All counsel of record (by ECF)

EAST\187575854.8