Letter to Hon. Brian M. Cogan
February 17, 2022
**Exhibit 2**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
STUART FORCE individually and as personal
representative of the ESTATE OF TAYLOR FORCE,
*et al.*,    Case No. 1:20-cv-2578-BMC
      Plaintiffs,
    -against-

QATAR CHARITY; QATAR NATIONAL BANK and
MASRAF AL RAYAN,
      Defendants.
------------------------------------------------------------------- X

**PROPOSED PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT QATAR CHARITY SEEKING JURISDICTIONAL DISCOVERY**

    Pursuant to Federal Rules of Civil Procedure 26 and 34, Local Civil Rules 26.2-26.4, and the Court's order dated February ___, 2022, Plaintiffs, by their undersigned counsel, request that in accordance with the Federal Rules of Civil Procedure and the Local Civil Rules, Defendant Qatar Charity makes the documents specified herein available for inspection and copying at the offices of Fleischman Bonner & Rocco LLP, 81 Main Street, Suite 515, White Plains, NY 10601 within 30 days following receipt of service of this request.

## DEFINITIONS

    1.  The Uniform Definitions in Discovery Requests set forth in Local Civil Rule 26.3, and the rules of construction set forth therein and in the Federal Rules of Civil Procedure, are all incorporated herein by reference.

    2.  The terms "You" and "Your" refer to Defendant Qatar Charity.

    3.  References to Defendant Qatar Charity include Defendant Qatar Charity operating under any other name including Nectar Trust.

    4.  The term "USD Account" means a financial account or subaccount that, during the Relevant Time Period, held deposits denominated in United States dollars, or from which

1

Letter to Hon. Brian M. Cogan
February 17, 2022
**Exhibit 2**

Defendant Qatar Charity made payments that were received by the beneficiary in United States dollars.

5.	The term "Hamas" means Harakat al-Muqawama al-Islamiyya also known as the Islamic Resistance Movement, as well as its military wing known as the Izz-al-Din al-Qassam Brigades, and any of their directors, officers, employees, agents, attorneys, representatives, subsidiaries, managing agents and affiliates.

6.	The term "PIJ" means the Palestinian Islamic Jihad, and any of its leaders, directors, officers, employees, agents, attorneys, representatives, subsidiaries, managing agents and affiliates.

7.	The term "Individuals" means any and all of the following persons described in the Complaint and their respective agents, representatives and assigns:  Husam BadranMusa Dudin, Yousuf Agdulla Al-Qaradawi, Ahlam Aref Ahmad Tamimi, Zaher Ali Musa Jibril (a/k/a/ Zahar Jabarin), Hisham Hijaz, Moustafa Mamdouh Mesalm, Abedalaziz Amro, Majdi Amr, Ibrahim Sulaim Mahmud Shammasina, Abd al-Hakim Abd al-Aziz abd Hanaini, Nizar Muhammad Taysir Ramadan, Nasir Sami Abd al-Razzaq Ali al-Nasser-Yataima, and Muhammad Waal Muhammad Daghales.

8.	The term "Sanabel Card" means the debit cards as described in ¶¶ 149-154 of the Complaint.

8.	The "Relevant Time Period" means January 1, 2011 through and including December 23, 2016.

## ADDITIONAL INSTRUCTIONS

1.	In producing documents and other materials, You are requested to furnish all documents or things in Your possession, custody or control, regardless of whether such

2

Letter to Hon. Brian M. Cogan
February 17, 2022
**Exhibit 2**

documents or materials are possessed by: You; Your directors, officers, agents, representatives, subsidiaries, managing agents, affiliates, or investigators; or Your attorneys or their agents, employees, representatives or investigators.

  2. Documents are to be produced in full; redacted documents will not constitute compliance with this request. If any requested document or thing cannot be produced in full, produce it to the extent possible, indicating which document, or portion of that document, is being withheld, and the reason that document is being withheld.

  3. In producing documents, You are requested to produce the original of each document requested together with all non-identical copies and drafts of that document. If the original of any document cannot be located, a copy shall be provided in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

  4. Documents are to be produced as they are kept in the usual course of business. All documents shall be produced in the file folder, envelope or other container in which the documents are ordinarily kept. If, for any reason, the container cannot be produced, produce copies of all labels or other identifying marks.

  5. Documents are to be produced in such fashion as to identify the department, branch or office in whose possession they are ordinarily kept and, where applicable, the natural person who is the custodian of the documents.

  6. Documents attached to each other should not be separated.

  7. Electronically stored information must be produced in a form that the parties agree is reasonably usable.

Letter to Hon. Brian M. Cogan
February 17, 2022
**Exhibit 2**

## REQUESTS FOR PRODUCTION

1. For the USD Accounts identified in Your response to Interrogatory No. 1 of Plaintiffs' First Set of Interrogatories to Defendant Qatar Charity (dated February___, 2022), all account opening documents, and agreements governing the operation of such accounts, including all amendments thereto, and other documents reflecting terms and conditions and fees applicable to such accounts.

2. All periodic account statements for the Relevant Time Period for the USD Accounts identified in Your response to Interrogatory No. 1 of Plaintiffs' First Set of Interrogatories to Defendant Qatar Charity (dated February___, 2022).

3. All communications with Defendant Qatar National Bank or Defendant Masraf al Rayan during the Relevant Time Period concerning: (a) any inter-bank transfer of United States dollars; (b) any correspondent, nostro, or vostro account maintained in the United States by Defendant Qatar National Bank or Defendant Masraf al Rayan; or (c) the ability of either Defendant Qatar National Bank or Defendant Masraf al Rayan to effectuate inter-bank transfers in United States dollars on Your behalf.

4. All communications with Defendant Qatar National Bank or Defendant Masraf al Rayan during the Relevant Time Period concerning Hamas, PIJ, the Individuals, any other persons affiliated with Hamas or PIJ, Sanabel Cards, or the transfer of funds directly or indirectly to any charitable organizations in the Palestinian administered territories.

5. All documents dated, created, sent, received, or maintained during the Relevant Time Period concerning clearance and settlement of inter-bank transfers of United States dollars.

6. Documents reflecting any document retention policy maintained by You during the Relevant Time Period.

Letter to Hon. Brian M. Cogan
February 17, 2022
**Exhibit 2**

Dated: February __, 2022          **FLEISCHMAN BONNER & ROCCO LLP**

By:_____
    Patrick L. Rocco (procco@fbrllp.com)
James P. Bonner (jbonner@fbrllp.com)
Susan M. Davies (sdavies@fbrllp.com)
81 Main Street, Suite 515
White Plains NY  10601
(908) 516-2043

PERLES LAW FIRM PC
Steven R. Perles
Joshua K. Perles
1050 Connecticut Ave. NW, Suite 500
Washington D.C. 20036
(202) 955-9055

THE BERKMAN LAW OFFICE, LLC
Robert J. Tolchin (rtolchin@berkmanlaw.com)
111 Livingston Street, Suite 1928
Brooklyn NY  11201
(718) 855-3627

*Counsel for Plaintiffs*

5