Letter to Hon. Brian M. Cogan
February 17, 2022
**Exhibit 5**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
STUART FORCE individually and as personal
representative of the ESTATE OF TAYLOR FORCE,
*et al*.,                                                                                          Case No. 1:20-cv-2578-BMC
                             Plaintiffs,
                -against-

QATAR CHARITY; QATAR NATIONAL BANK and
MASRAF AL RAYAN,
                            Defendants.
-------------------------------------------------------------------- X

**PROPOSED PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT [[BANK]] SEEKING JURISDICTIONAL DISCOVERY**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Local Civil Rules 26.2-26.4, and the Court's order dated February ___, 2022, Plaintiffs, by their undersigned counsel, request that in accordance with the Federal Rules of Civil Procedure and the Local Civil Rules, Defendant [[Bank]] makes the documents specified herein available for inspection and copying at the offices of Fleischman Bonner & Rocco LLP, 81 Main Street, Suite 515, White Plains, NY 10601 within 30 days following receipt of service of this request.

**DEFINITIONS**

1.    The Uniform Definitions in Discovery Requests set forth in Local Civil Rule 26.3, and the rules of construction set forth therein and in the Federal Rules of Civil Procedure, are all incorporated herein by reference.

2.    The terms "You" and "Your" refer to Defendant [[Bank]].

3.    References to Defendant Qatar Charity include persons acting on behalf of, or under the direction or control of, Defendant Qatar Charity, and Defendant Qatar Charity operating under any other name including Nectar Trust.

1

Letter to Hon. Brian M. Cogan
February 17, 2022
**Exhibit 5**

  4.  The term "USD Account" means a financial account or subaccount that, during the Relevant Time Period, held deposits denominated in United States dollars, or from which Defendant Qatar Charity made payments that were received by the beneficiary in United States dollars.

  5.  The term "Hamas" means Harakat al-Muqawama al-Islamiyya also known as the Islamic Resistance Movement, as well as its military wing known as the Izz-al-Din al-Qassam Brigades, and any of their leaders, directors, officers, employees, agents, attorneys, representatives, subsidiaries, managing agents and affiliates.

  6.  The term "Individuals" means any and all of the following persons described in the Complaint and their respective agents, representatives and assigns:  Husam BadranMusa Dudin, Yousuf Agdulla Al-Qaradawi, Ahlam Aref Ahmad Tamimi, Zaher Ali Musa Jibril (a/k/a/ Zahar Jabarin), Hisham Hijaz, Moustafa Mamdouh Mesalm, Abedalaziz Amro, Majdi Amr, Ibrahim Sulaim Mahmud Shammasina, Abd al-Hakim Abd al-Aziz abd Hanaini, Nizar Muhammad Taysir Ramadan, Nasir Sami Abd al-Razzaq Ali al-Nasser-Yataima, and Muhammad Waal Muhammad Daghales.

  7.  The term "PIJ" means the Palestinian Islamic Jihad, and any of its leaders, directors, officers, employees, agents, attorneys, representatives, subsidiaries, managing agents and affiliates.

  8.  The term "Sanabel Card" means the debit cards as described in ¶¶ 149-154 of the Complaint.

  9.  The "Relevant Time Period" means January 1, 2011 through and including December 23, 2016.

Letter to Hon. Brian M. Cogan
February 17, 2022
**Exhibit 5**

## ADDITIONAL INSTRUCTIONS

1. In producing documents and other materials, You are requested to furnish all documents or things in Your possession, custody or control, regardless of whether such documents or materials are possessed by: You; Your directors, officers, agents, representatives, subsidiaries, managing agents, affiliates, or investigators; or Your attorneys or their agents, employees, representatives or investigators.

2. Documents are to be produced in full; redacted documents will not constitute compliance with this request. If any requested document or thing cannot be produced in full, produce it to the extent possible, indicating which document, or portion of that document, is being withheld, and the reason that document is being withheld.

3. In producing documents, You are requested to produce the original of each document requested together with all non-identical copies and drafts of that document. If the original of any document cannot be located, a copy shall be provided in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

4. Documents are to be produced as they are kept in the usual course of business. All documents shall be produced in the file folder, envelope or other container in which the documents are ordinarily kept. If, for any reason, the container cannot be produced, produce copies of all labels or other identifying marks.

5. Documents are to be produced in such fashion as to identify the department, branch or office in whose possession they are ordinarily kept and, where applicable, the natural person who is the custodian of the documents.

6. Documents attached to each other should not be separated.

Letter to Hon. Brian M. Cogan
February 17, 2022
**Exhibit 5**

7. Electronically stored information must be produced in a form that the parties agree is reasonably usable.

**REQUESTS FOR PRODUCTION**

1. For all correspondent, nostro, vostro, and other accounts identified in Your Response to Interrogatory No. 1 of Plaintiffs' First Set of Interrogatories to Defendant [[Bank]] (dated February ___, 2022), all account opening documents; all agreements governing the operation of such accounts, including all amendments thereto, and all other documents reflecting terms and conditions and fees applicable to such accounts.

2. For the USD Accounts identified in Your response to Interrogatory No. 2 of Plaintiffs' First Set of Interrogatories to Defendant [[Bank]] (dated February ___, 2022), all account opening documents; all agreements governing the operation of such accounts, including all amendments thereto; and all other documents reflecting terms and conditions and fees applicable to such accounts.

3. For the USD Accounts identified in Your response to Interrogatory No. 2 of Plaintiffs' First Set of Interrogatories to Defendant [[Bank]] (dated February __, 2022), all documents reflecting Your efforts to verify the identity of Defendant Qatar Charity and the purposes for which Defendant Qatar Charity intended to, or did, use Your services, including Your efforts pursuant to Know Your Customer, Anti Money Laundering, and Counter-Terrorism Financing laws, standards, and policies; and all documents reflecting Your analysis of the above.

4. All periodic account statements for the Relevant Time Period for the USD Accounts identified in Your response to Interrogatory No. 2 of Plaintiffs' First Set of Interrogatories to Defendant [[Bank]] (dated February __, 2022).

Letter to Hon. Brian M. Cogan
February 17, 2022
**Exhibit 5**

5. Documents reflecting the date, amount, initiating party, and beneficiary of all United States dollar payments received, or made, on behalf of Defendant Qatar Charity during the Relevant Time Period using each of the accounts identified in Your response to Interrogatory No. 1 of Plaintiffs' First Set of Interrogatories to Defendant [[Bank]] (dated February __, 2022), including all payments that involved the conversion of other currencies into United States dollars before reaching the ultimate beneficiary.

6. All communications with Defendant Qatar Charity during the Relevant Time Period concerning (a) any inter-bank transfer of United States dollars; or (b) any correspondent, nostro, or vostro account maintained by You or [[the other Defendant Bank]] in the United States; or (c) Your ability to effectuate inter-bank transfers in United States dollars on behalf of Your customers or Defendant Qatar Charity.

7. All communications with Defendant Qatar Charity or [[the other Defendant Bank]] during the Relevant Time Period concerning Hamas, PIJ, the Individuals, any other persons affiliated with Hamas or PIJ, Sanabel Cards, or the transfer of funds directly or indirectly to any charitable organizations operating in the Palestinian administered territories.

8. All statements You have made publicly (including on Your website, and in regulatory filings, advertisements, press releases, and materials distributed to potential customers or investors) during the Relevant Time Period concerning Your correspondent banking relationships with financial institutions in the United States or Your ability to send and receive inter-bank transfers denominated in United States dollars on behalf of Your customers.

9. Documents reflecting any document retention policy maintained by You during the Relevant Time Period.

Letter to Hon. Brian M. Cogan
February 17, 2022
**Exhibit 5**

    10.    **For Defendant Qatar National Bank only:** All documents reflecting Your efforts to verify the identity of the Individuals and the purposes for which the Individuals intended to, or did, use Your services, including Your efforts pursuant to Know Your Customer, Anti Money Laundering, and Counter-Terrorism Financing laws, standards, and policies; and all documents reflecting Your analysis of the above.

Dated: February __, 2022                **FLEISCHMAN BONNER & ROCCO LLP**

By:_____
    Patrick L. Rocco (procco@fbrllp.com)
James P. Bonner (jbonner@fbrllp.com)
Susan M. Davies (sdavies@fbrllp.com)
81 Main Street, Suite 515
White Plains NY  10601
(908) 516-2043

PERLES LAW FIRM PC
Steven R. Perles
Joshua K. Perles
1050 Connecticut Ave. NW, Suite 500
Washington D.C. 20036
(202) 955-9055

THE BERKMAN LAW OFFICE, LLC
Robert J. Tolchin (rtolchin@berkmanlaw.com)
111 Livingston Street, Suite 1928
Brooklyn NY  11201
(718) 855-3627

*Counsel for Plaintiffs*

6