

Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street  |  New York, NY 10019-6131  |  tel 212.858.1000  |  fax 212.858.1500

Carolina A. Fornos
tel: 212.858.1558
carolina.fornos@pillsburylaw.com

February 22, 2022

**BY ECF**

The Honorable Brian M. Cogan
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     *Force, et al. v. Qatar Charity, et al.*, 1:20-cv-02578-BMC

Dear Judge Cogan:

Pursuant to Rule III.A.2 of Your Honor's Individual Practices, Masraf Al Rayan ("MAR") hereby responds to Plaintiffs' letter dated February 17, 2022 (ECF No. 60) ("Letter") seeking jurisdictional discovery.  MAR objects to any discovery prior to the Court ruling on its Motion to Dismiss.  Moreover, Plaintiffs cloak merits discovery under the guise of jurisdictional discovery.  Simply put, they seek a broad array of merits discovery hoping to cure their failure to plead "general awareness," which defeats Plaintiffs' claims under the Justice Against Sponsors of Terrorism Act ("JASTA").  Accordingly, discovery should be denied until dispositive motions are fully briefed.[1]

**Any Discovery Is Premature Prior to a Decision on MAR's Motion to Dismiss**

As MAR explained in its briefing, Plaintiffs fail to state a claim at every turn.  Under the Anti-Terrorism Act ("ATA"), Plaintiffs fail to allege any act of international terrorism *committed by* MAR or proximate cause between the alleged financial transactions and the attacks that injured Plaintiffs.  (ECF No. 55-1 at 22-29).

Further, claims for secondary liability under JASTA are also deficient.  As MAR has explained in detail, (ECF No. 55-1 at 6-19), Plaintiffs fail to allege publicly available information necessary for general awareness that the Second Circuit has identified to be sufficient in *Kaplan v. Lebanese Canadian Bank, SAL,* 999 F.3d 842, 864-65 (2d Cir. 2021), or even the types of "ubiquitous" flags that this Court has deemed sufficient in *Estate of Henkin v. Kuveyt Turk Katilim Bankasi, A.S.*, 495

---

[1]  Plaintiffs also request an extension of time to respond to MAR's motion to dismiss and a premotion conference prior to a motion for alternative service.  MAR does not object to an extension to March 31, 2022, but objects to any open-ended extension tied to discovery.  MAR also preserves its objections to alternative service.

4888-4173-8255

February 22, 2022
Page 2 of 3

F. Supp. 3d 144, 155-56, 160 (E.D.N.Y. 2020).  Having no *circumstantial* evidence sufficient for secondary liability, Plaintiffs improperly seek permission for a fishing expedition for direct evidence sufficient for secondary liability.

Equally problematic for Plaintiffs is their theory of personal jurisdiction over a foreign entity with no presence in the United States.  Plaintiffs *generally* allege use of correspondent banking and despite alleged "allocutions" in criminal matters in Israel, the *most* specificity that they can muster against MAR is that "[f]rom March 1, 2015 until September 7, 2015 alone, Defendants conspired to transfer over $28 million" in donations from Qatar Charity. (Compl. ¶ 130).  But this allegation does not expressly reference any use of correspondent banking, has no temporal nexus to the majority of the attacks at issue, and, as the Court noted, lumps "Defendants" together.[2]  Neither this specific allegation nor the more general allegations of "maintaining" correspondent banking suffices for personal jurisdiction.  Plaintiffs are therefore not entitled to jurisdictional discovery because they "need[] new jurisdictional theories, not more evidence substantiating the theories [they have] already advanced."  *Mednik v. Specialized Loan Servicing, LLC*, No. 20-cv-427 (MKB), 2021 WL 707285, at *8-9 (E.D.N.Y. Feb. 23, 2021) (denying request for jurisdictional discovery).  Jurisdictional discovery "need not be granted to permit a fishing expedition for jurisdictional facts."  *Id.* at *8 (internal quotation marks and citations omitted).[3]  In short, Plaintiffs have not made a "sufficient start toward establishing jurisdiction."  *Alexander v. Porter*, No. 13-cv-6834 (SLT) (JO), 2014 WL 7391683, at *6-7 (E.D.N.Y. Dec. 29, 2014) (internal quotation marks and citation omitted) (dismissing case and denying request for jurisdictional discovery where the complaint contained "conclusory non-fact-specific jurisdictional allegations").

**Plaintiffs Seek Merits Discovery under the Guise of "Jurisdictional" Discovery**

Because the Complaint is defective on its face, Plaintiffs do not seek "limited jurisdictional discovery" as they claim, (Letter at 1), but full-blown merits discovery.  Plaintiffs demand interrogatories, documents, and a 30(b)(6) deposition not only before MAR's motion to dismiss is ruled upon, but *before they even oppose it*.

For example, Plaintiffs seek testimony concerning MAR's "efforts to verify the identity of Defendant Qatar Charity and the purposes for which Defendant Qatar Charity intended to, or did, use [MAR's] services."  (ECF No. 60-6 at 3).  This request has nothing to do with contacts with New York or correspondent banking.  Equally problematic is the overly broad nature of these requests.  For example, Plaintiffs seek information about "*all* United States dollar payments received, or made, on behalf of Defendant Qatar Charity" regardless of their "ultimate beneficiary." (ECF No. 60-4 at 2-3) (emphasis added).  Such a request seeks to capture all financial transactions for one customer – whether or not there is a nexus with "transfers" to local branches

---

[2]  The Complaint does "a lot of lumping together of defendants who might have behaved very differently." (Jan. 28, 2022 Tr. at 24:12-15).

[3]  Plaintiffs argue their case "builds upon criminal allocutions" stating that Qatar Charity officials "confessed to laundering U.S. dollars for Hamas through a New York correspondent account." (Letter at 3).  Plaintiffs' Complaint conspicuously omits quotes from these allocutions, or any express references to MAR in these allocutions.

February 22, 2022
Page 3 of 3

of Qatar Charity in Palestine as alleged in the Complaint. *See Al Rushaid v. Pictet & Cie*, 28 N.Y. 3d 316, 323 & n.4 (2016) (citation omitted) (explaining that determination that frequency of transactions is "sufficient" for purposeful availment is limited by the "requirement that the cause of action arise from the very transaction or transactions which are relied upon to provide the contact with the forum").

**Stay of Discovery Pending Briefing is Proper**

Plaintiffs cannot argue that "because such facts would be peculiarly within the knowledge of the defendants" it should be entitled to *any* discovery; their "inability to offer more than speculation as to Defendants' conduct underscores, rather than cures, the deficiency in the Complaint." *S. Cherry St., LLC v. Hennessee Grp. LLC*, 573 F.3d 98, 114 (2d Cir. 2009). Stay of discovery pending resolution of dispositive motions is thus proper in this case and consistent with Your Honor's approach in *Estate of Henkin*, where the Court "reserve[d] decision on this issue" and stated that "any discovery on personal jurisdiction should proceed simultaneously with any discovery on the merits." 495 F. Supp. 3d at 148 n.1 (E.D.N.Y. 2020). Here, as Your Honor recognized, the Court may never even need to address the "personal jurisdiction issue because [the Court] will have dismissed the complaint under 12(b)(6) prior to that." (Jan. 28, 2022 Tr. at 17:4-6). The fact that the personal jurisdiction inquiry is connected to the merits inquiry is not a waiver of Plaintiffs' obligation to plead facts that state a claim before discovery would be proper.[4]

Respectfully submitted,
*/s/ Carolina A. Fornos*

Carolina A. Fornos
Aryeh L. Kaplan (*pro hac vice*)
Markenzy Lapointe (*pro hac vice*)
*Counsel for Defendant Masraf Al Rayan*

cc:      All counsel of record (by ECF)

---

[4] Plaintiffs also seek "jurisdictional discovery" to "unearth" evidence that MAR "is controlled, as a practical matter, by the autocratic Qatari government." (Letter at 3). Plaintiffs cannot use conclusory statements of "control" to embark on a fishing expedition in the hopes of "unearthing" evidence. (ECF No. 55-1 at 7-8, 15-16, 41-42).

www.pillsburylaw.com

4888-4173-8255