

DLA Piper LLP (US)
1251 Avenue of the Americas
27th Floor
New York, New York 10020-1104
www.dlapiper.com

John M. Hillebrecht
John.Hillebrecht@dlapiper.com
T  212.335.4590
F  917.778.8590

February 22, 2022

**BY ECF**

The Honorable Brian M. Cogan
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Force, et al. v. Qatar Charity, et al.*, 1:20-cv-02578-BMC

Dear Judge Cogan:

On behalf of Qatar Charity we write, pursuant to Your Honor's Individual Practice Rules I(B) and III(A)(2), in response to Plaintiffs' Letter Motion and Request for Pre-Motion Conference ("Plaintiffs' Letter"). (ECF No. 60). Plaintiffs seek: (1) an order compelling jurisdictional discovery; (2) an order tolling Plaintiffs' deadline to respond to each Defendants' Motion to Dismiss until after jurisdictional discovery is completed; and (3) an order authorizing alternative service. The Court should deny each of those requests for the reasons set forth below. However, Qatar Charity has no objection to a reasonable extension of time for Plaintiffs to respond to its Motion to Dismiss, and the alternative date requested by Plaintiffs (March 31, 2022) is amenable to Qatar Charity.

**All Discovery Should be Stayed Pending a Decision on Qatar Charity's Motion to Dismiss**

Qatar Charity, like the other Defendants, has submitted a Motion to Dismiss detailing multiple fatal deficiencies with Plaintiffs' claims against Qatar Charity. (ECF No. 58). The Complaint fails to allege that Qatar Charity committed an act of international terrorism, or proximately caused such an act, under the Anti-Terrorism Act (18 U.S.C. §§ 2331, *et seq.*) ("ATA"). Indeed, any assertion to the contrary is wholly inconsistent with Qatar Charity's position as a well-respected international relief organization which regularly partners with preeminent aid organizations, the U.N., and the U.S. government. The Complaint equally fails to state a claim for secondary liability under the Justice Against Sponsors of Terrorism Act, Pub. L. No. 114-222, 130 Stat. 852 (2016) ("JASTA"). For the reasons articulated in its Motion to Dismiss (ECF No. 58 at 19–35), Qatar Charity believes this case is ripe for dismissal under Federal Rule of Civil Procedure 12(b)(6), a possibility the Court acknowledged during the January 28, 2022, Pre-Motion Conference ("Pre-Motion Conference").[1]

---

[1] *See* Transcript of the January 28, 2022, Pre-Motion Conference ("PMC Tr.") at 17:4-6.

January 22, 2022
Page 2 of 5

Moreover, Qatar Charity also asserts that Plaintiffs have failed to, and cannot, make a *prima facie* showing of personal jurisdiction over it related to the alleged claims in this matter. Accordingly, because the Court is currently considering dispositive motions from Qatar Charity and the other Defendants, as well as the issue of whether there is personal jurisdiction over each of the Defendants, allowing any discovery to proceed would create an undue burden on the Parties and the Court and is not in the interest of judicial efficiency.

In a case such as this one, where numerous Defendants have raised substantial questions as to whether Plaintiffs can state a claim for relief and dispositive motions are pending, it is appropriate and efficient for the Court to stay all discovery pending the resolution of dispositive motions. During the Pre-Motion Conference, Your Honor stayed all discovery in anticipation of receiving the dispositive Motions to Dismiss.[2] Qatar Charity urges that maintaining such a stay is proper and consistent with Your Honor's order in *Estate of Henkin v. Kuveyt Turk Katilim Bankasi, A.S.*, where the Court "reserve[d] decision on this issue" and stated that "any discovery on personal jurisdiction should proceed simultaneously with any discovery on the merits." 495 F. Supp. 3d 144, 148 n.1 (E.D.N.Y. 2020). A stay would also be consistent with other decisions staying jurisdictional discovery during the pendency of motions to dismiss Anti-Terrorism Act claims.[3]

If discovery were to proceed at this point, it would be unduly burdensome on the Parties and the Court. Plaintiffs have requested the production of documents and witnesses located abroad from Qatar Charity, a foreign entity, that does not maintain an office or employees in the United States. Moreover, Plaintiffs' requests, although styled as "jurisdictional" discovery, are exceedingly broad. Among other things, several call for all communications or documents over a six-year period on topics far afield from the matters in dispute here (*e.g.*, "[a]ll documents dated, created, sent, received, or maintained [from 2011 to 2016] concerning clearance and settlement of inter-bank transfers of United States dollars") (ECF No. 60-2 at 4)), and far beyond Qatar Charity's alleged use of accounts at the two Defendant banks to transfer funds to the Palestinian Territories.[4] To cite another example of such overbroad demands devoid of any connection to the theory on which they seek to establish jurisdiction (the alleged use of New York-based correspondent accounts to clear dollar-denominated transactions), Plaintiffs seek testimony concerning "[a]ny method ***other than the use of an account located in the U.S.*** by which" Qatar Charity, *inter alia*, "received or made inter-bank payments denominated in U.S. dollars." (ECF No. 60-3 at 1) (emphasis added). In fact, by their own description, Plaintiffs are seeking discovery related to Qatar Charity's use of U.S. dollars to carry out its broad humanitarian aid work "in a total of 58 different countries" (ECF No. 60 at 5), almost every one of which cannot possibility be related to the allegations in the Complaint. These requests, by their very terms, are divorced from Qatar

---

[2] PMC Tr. at 33:16–17 ("I'm going to defer ruling on what kind of discovery we have. I'm going to stay it for now.").

[3] *See also, Averbach v. Cairo Amman Bank*, No. 19-CV-0004, ECF No. 34 (S.D.N.Y. 2019) ("the Court finds there is good cause to stay discovery because of the substantial arguments for dismissal raised by Defendant, the breadth, costs and burdens of discovery, and relatively minimal prejudice to Plaintiffs from the grant of the stay" and because "by waiting until a decision is reached on the motion, the areas of discovery may well be narrowed"); *O'Sullivan v. Deutsche Bank AG*, 2018 WL 1989585, at *9 (S.D.N.Y. 2018) ("While there is some potential that plaintiffs will be prejudiced by the institution of a stay, the strength of the defendants's [sic] showing on the merits combined with the potential burden arising from discovery convinces us that a stay of discovery should be granted pending resolution of the upcoming motions to dismiss."); *Freeman v. HSBC Holdings plc*, No. 14-cv-6601, ECF No. 37 (E.D.N.Y. 2015) ("Discovery held in abeyance pending motion practice.").

[4] *See* ECF Nos. 60-1, 60-2, 60-3.

January 22, 2022
Page 3 of 5

Charity's alleged contacts with New York in connection with the allegations made in the Complaint. Complying with them would be extremely burdensome on Qatar Charity and would bear no relevance to the allegations raised in the Complaint.

Nor would a stay of discovery create any undue prejudice or delay for Plaintiffs. All Defendants submitted their motions to dismiss on February 14, 2022, and the deadline for Plaintiffs to respond is upcoming in short order. (The Plaintiffs' response is currently due on February 28, 2022, but Qatar Charity agrees to a reasonable extension of time, such as the one suggested by Plaintiffs in their letter—March 31, 2022.) Assuming that Defendants request, and receive, a few weeks' extension to file a reply brief, on this schedule the Motions to Dismiss will be fully briefed and before this Court in the next 60 days. Allowing the Court to receive and consider these dispositive motions will not create any undue delay. On the other hand, allowing discovery to proceed, including the production of witnesses and documents that are located abroad, would be unduly burdensome to the Parties and the Court (which may have to preside over issues that arise concerning discovery in this matter). Because the resolution of Qatar Charity's Motion to Dismiss may dispose of or narrow the claims made against it (which would in turn dispose of or narrow the related discovery), all discovery should be stayed pending resolution of the Motion.

**Even Jurisdictional Discovery Is Not Warranted**

Putting aside the scope of Plaintiffs' request,[5] jurisdictional discovery is "not warranted" where, as here, Plaintiffs have failed to establish a *prima facie* case for establishing personal jurisdiction. *Tamam v. Fransabank Sal*, 677 F. Supp. 2d 720, 733 (S.D.N.Y. 2010) ("Although the District Court has the discretion to authorize jurisdictional discovery, discovery is not warranted where plaintiff has failed to make a *prima facie* showing of jurisdiction.").[6] As detailed in Qatar Charity's Motion to Dismiss, Plaintiffs' have failed to allege any *prima facie* basis for establishing personal jurisdiction over Qatar Charity—which, as alleged in the Complaint, has no contacts in New York and never directed anyone, at any time, to take any action in New York. (ECF No. 58 at 8–18). Instead, the facts as alleged show that Qatar Charity was a bank customer seeking to transfer funds from one foreign location to another through its bank, Masraf Al Rayan, without regard for the particular mechanism by which these transfers were accomplished, which is "insufficient under New York law" for establishing personal jurisdiction. *Berdeaux v. OneCoin Ltd.*, 2021 WL 4267693, at *12 (S.D.N.Y. 2021).

Plaintiffs claim they "will demonstrate" a *prima facie* case in their opposition to the Motions to Dismiss. (ECF No. 60 at 2). However, in the interim, jurisdictional discovery is not appropriate where, as here, Plaintiffs have not made a "'sufficient start' [in their Complaint] toward establishing jurisdiction" and instead have alleged the kind of "'conclusory non-fact specific jurisdictional allegations' the Second Circuit" has found do not "require jurisdictional discovery." *Alexander v. Porter*, 2014 WL 7391683, at *6 (E.D.N.Y. 2014) (citation omitted). Moreover,

---

[5] If and when discovery proceeds, Qatar Charity reserves its right to make more detailed and particular objections to the discovery requests.

[6] *See also Mednik v. Specialized Loan Servicing, LLC*, 2021 WL 707285, at *8 (E.D.N.Y. 2021) (if "the plaintiff has failed to establish a *prima facie* case for personal jurisdiction, jurisdictional discovery is generally not granted") (citation omitted). Furthermore, the "court is not obligated to subject a foreign corporation to discovery where the allegations of jurisdictional facts, construed most favorably in the plaintiff's favor, fail to state a basis for the exercise of jurisdiction." *Daventree Ltd. v. Republic of Azerbaijan*, 349 F. Supp. 2d 736, 761 (S.D.N.Y. 2004); *see also Jerusalem NY Enters., LLC v. Huber Erectors & Hoisting, LLC*, 2021 WL 5827934, at *7 (E.D.N.Y. Dec. 8, 2021) (same).

January 22, 2022
Page 4 of 5

Plaintiffs' argument that they need discovery to "establish personal jurisdiction" due to "secrecy of certain details," is both circular and revealing of Plaintiffs' inability to plead what is required to survive dismissal. (ECF No. 60 at 4). Plaintiffs cannot evade their burden of alleging a *prima facie* basis for establishing personal jurisdiction by arguing that facts sufficient to plead jurisdiction are "peculiarly within the knowledge of the defendants." *S. Cherry St., LLC v. Hennessee Grp. LLC*, 573 F.3d 98, 114 (2d Cir. 2009). In the words of the Second Circuit, their "inability to offer more than speculation" regarding Qatar Charity's conduct "underscores, rather than cures, the deficiency in the Complaint." *Id.* In light of Plaintiffs' assertion that they can make a *prima facie* showing of jurisdiction over Qatar Charity in their opposition briefing to the Motion to Dismiss (Plaintiffs' Letter at 2), that is all the more reason why the Court should await and consider that briefing before allowing any discovery to proceed.

Qatar Charity also joins in the arguments made by Qatar National Bank ("QNB") in its letter dated February 22, 2022, related to the deficiencies in Plaintiffs' (i) conspiracy theory of personal jurisdiction; and (ii) the theory of personal jurisdiction based on the inference that all three Defendants must "have 'used the U.S. banking system to further the FTO's objectives.'" (*See* ECF No. 61 at 2-3). For the reasons set forth by QNB, Qatar Charity also submits that the request for jurisdictional discovery on these bases is improper and should be denied.

### **Plaintiffs' Request to Toll Their Deadline to Respond to Qatar Charity's Motion to Dismiss is Not Reasonable and Should be Denied**

In the event this Court permits jurisdictional discovery, Plaintiffs' request to toll their deadline to respond to Qatar Charity's Motion to Dismiss "until 30 days after the completion of jurisdictional discovery." That request is unreasonable, unduly prejudices Qatar Charity, and should be denied. Qatar Charity filed its Motion to Dismiss on February 14, 2022, approximately two weeks after the Pre-Motion Conference. Plaintiffs' opposition is due two weeks later, on February 28, 2022. (*See* Minute Entry and Order, dated Jan. 28, 2022). Plaintiffs now request to toll their deadline indefinitely. The Court should deny Plaintiffs' request because it would give Plaintiffs an unwarranted strategic advantage that unduly prejudices Qatar Charity and the other Defendants. Furthermore, during the Pre-Motion Conference, this Court instructed that, should Plaintiffs seek more than two weeks to file their response, they should propose a "reasonable request for an extension." (PMC Tr. at 31: 5–7). Tolling the opposition deadline indefinitely is unreasonable on its face.

Plaintiffs alternatively request that the Court extend their opposition deadline to March 31, 2022. (ECF No. 60 at 6). That date would allow Plaintiffs 45-days to draft their Opposition to Qatar Charity's Motion to Dismiss. In the spirit of cooperation, Qatar Charity does not object to that request.

### **Plaintiffs' Motion for an Order Authorizing Alternative Service Should be Denied**

For reasons previously articulated in Qatar Charity's Pre-Motion Letter to this Court (ECF No. 53 at 3), and Motion to Dismiss (ECF No. 58 at 35), Qatar Charity requests that the Court exercise its discretion to order that service be effected properly and consistently with Qatari law in this matter, via letters rogatory, as initially requested by Plaintiffs. Qatar Charity also joins in the additional arguments made by QNB with respect to this issue in asking that the Court deny Plaintiffs' request for an order authorizing alternate service via email. (*See* ECF No. 61 at 3-4).

\* \* \*

      In addition to the foregoing, Qatar Charity hereby reserves its right to adopt and incorporate arguments made by Defendants Masraf Al Rayan and Qatar National Bank in their respective letter responses filed today, February 22, 2022.

                                          Respectfully submitted,

                                          /s/ John M. Hillebrecht
                                          DLA PIPER LLP
                                          1251 Avenue of the Americas
                                          New York, NY 10020
                                          212.335.4500

                                          John M. Hillebrecht
                                          Kevin Walsh
                                          Jessica Masella

                                          *Counsel for Qatar Charity*

cc:  All counsel of record (by ECF)