

**DLA Piper LLP (US)**
1251 Avenue of the Americas
27th Floor
New York, New York 10020-1104
www.dlapiper.com

John M. Hillebrecht
John.Hillebrecht@us.dlapiper.com
T   212.335.4590
F   917.778.8590

March 31, 2023

**VIA ECF**

The Honorable Brian M. Cogan
United States District Judge
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:**   ***Force, et al. v. Qatar Charity, et al.*, No. 1:20-cv-2578—Defendant Qatar Charity's Supplemental Letter in Further Support of its Motion to Dismiss the Complaint**

Dear Judge Cogan:

On behalf of Defendant Qatar Charity, we respectfully write to respond to Plaintiffs' March 27 letter (ECF No. 84) ("Pl. Ltr."), as per this Court's March 30 Order (ECF No. 86).

Most of Plaintiffs' letter is devoted not to advising Your Honor of supplemental authority, but to distinguishing the March 17 decision of the Honorable Nicholas Garaufis of the Eastern District of New York, which ordered dismissal of the Complaint in *Przewozman, et al. v. Qatar Charity, et al.* ("*Przewozman* Op."). And for good reason—Judge Garaufis dismissed the Complaint as to Qatar Charity on the grounds that the plaintiffs "failed to establish a *prima facie* case for personal jurisdiction over . . . Qatar Charity." (*Przewozman* Op. at 27). Despite Plaintiffs' attempts to distinguish the instant matter from *Przewozman*, that decision provides particularly helpful guidance for this Court as it considers remarkably similar allegations of a purported conspiracy to finance terrorist organizations against the same three Defendants. Here, allegations of New York-directed activity bearing any connection to Plaintiffs' claims are wholly nonexistent—even less than those presented by Plaintiffs' counsel in the more-detailed *Przewozman* complaint. The Complaint should be dismissed in its entirety.

Judge Garaufis's analysis of Section 302(a)(1) of the New York long-arm statute is instructive. The second prong of this analysis "requires that the claims at issue 'arise from the transactions.'" (*Przewozman* Op. at 26). Plaintiffs' claims bear no relation to the Defendants' alleged contacts with the forum, not least because of the temporal gap between them. (*See Przewozman* Op. at 27 (finding that the "temporal gap leaves the nexus between the Defendants' New York-related acts and Plaintiffs' injuries far too attenuated"); Qatar Charity's Memorandum of Law in Support of its Motion to Dismiss (ECF No. 58) ("MTD Mem.") at 15-16. This absence of a "causal link" is similarly fatal under the due process prong of Rule 4(k)(2). (MTD Mem. at 18 n.10).

Furthermore, the *Przewozman* analysis of the "purposeful availment" prong of Section 302(a)(1) rejects any argument that the use of a correspondent bank account in the forum could be sufficient grounds for jurisdiction over a bank ***customer***. (*Przewozman* Op. at 24 ("it is



The Honorable Brian M. Cogan, District Judge
March 31, 2023
Page Two

unclear how it would be sufficient to allege [that] Qatar Charity requested currency exchange transactions that, without their knowledge, were effected in a New York-based account"); *see also Berdeaux v. OneCoin Ltd.*, 561 F. Supp. 3d 379, 403 n.25 (S.D.N.Y. 2021)).  This is consistent with similar holdings by Judge Caproni in *Berdeaux* and by numerous other judges who ruled in the other cases previously cited to Your Honor.

Plaintiffs themselves acknowledge that New York law requires an account be "used 'repeated[ly],' 'deliberately,' and not 'once or twice by mistake.'"  (Pl. Ltr. at 4 (quoting *Licci v. Lebanese Canadian Bank*, 20 N.Y.3d 327, 340 (2012))).  The Complaint's allegations on this score are nonexistent—Plaintiffs fail to allege any specific transfer directed at New York that purportedly resulted in the Plaintiffs' injuries.  There are no allegations sufficient to plead "purposeful availment" by Qatar Charity (or even ***knowledge*** of the existence of a correspondent account).  Without any factual basis for doing so, Plaintiffs seek to subject these foreign defendants to suit with a Complaint that cannot withstand minimal scrutiny.  They attempt to remedy this glaring defect by asking the Court to take judicial notice of other allegations Plaintiffs' counsel later pled in the subsequently-filed *Henkin* complaint.  (Pl. Ltr. at 3 n.1).  Aside from how remarkably improper such an exercise would be—incorporating allegations from another litigation for the purpose of resolving the facial defects of the instant pleading—it is unclear how the same transfers alleged elsewhere to have financed ***different*** terrorist attacks and to have caused injuries to ***different*** plaintiffs could suffice to supplement the allegations of overt acts here, in furtherance of an entirely separate conspiracy.  Even were the Court to credit the *Henkin* Complaint's allegations it should yield the same result.  The paragraphs cited by Plaintiffs from the *Henkin* complaint (Pl. Ltr. at 3 n.1) appear verbatim in *Przewozman* (Complaint at ¶¶ 132(c), 140-45); the adequacy of those allegations was summarily rejected in all respects by Judge Garaufis.

Plaintiffs' letter further argues that the Second Circuit's decision in *Freeman v. HSBC Holdings PLC* eliminates the requirement that, in order to adequately plead conspiracy under JASTA, a plaintiff must allege "that each Defendant directly conspired with the terrorist organization responsible for, or even with the individual terrorists who carried out, the attacks on Plaintiffs and their family members."  (Pl. Ltr. at 1).  It is true that—in dicta—two members of the *Freeman* panel arguably said as much.  *Freeman v. HSBC Holdings PLC*, 57 F.4th 66, 75 (2d Cir. 2023).  But the court ***affirmed*** dismissal, holding that the plaintiffs failed to "adequately allege[] that the [defendants] conspired – either directly or indirectly – with the terrorist groups that caused the attacks, or that the terrorist attacks . . . were in furtherance of the [defendants'] alleged conspiracy."  57 F.4th at 75.  The Court should grant Qatar Charity's motion in its entirety with prejudice.

Respectfully submitted,

*/s/ John M. Hillebrecht*

John M. Hillebrecht
*Counsel for Qatar Charity*

cc:      All counsel of record (by ECF)